UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MUCHERU, | 1:07-cv-01545-LJO-TAG (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR |
| vs. | FAILURE TO PROSECUTE |
| ATTORNEY GENERAL, et al., | (Doc. 1) |
| Respondents. | OBJECTIONS, IF ANY, DUE IN 15 DAYS |

Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 2, 2007, the Court issued an Order to Show Cause in this action. (Doc. 7). The Order to Show Cause was served on Petitioner and Respondents on November 2, 2007. (See Docket entries dated November 2, 2007). On November 14, 2007, the Order to Show Cause served on Petitioner was returned by the U.S. Postal Service as undeliverable, with the notation "Out of Custody." (Doc. 8).

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a [Petitioner] in propria persona by the Clerk is returned by the U.S. Postal Service, and if such [Petitioner] fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty (60) days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.

1

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the instant Petition for Writ of Habeas Corpus be dismissed for Petitioner's failure to prosecute.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

///

///

2

1 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
2 the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 IT IS SO ORDERED.

5 Dated: __**January 29, 2008**__         _____**/s/ Theresa A. Goldner**_____
                                              UNITED STATES MAGISTRATE JUDGE